### No. 278
### CHARCOSKI v. SKINNER

Ohio Appeals, 9th Dist., Summit County
No. 788. Decided Jan. 14, 1924

715. LIBEL AND SLANDER—Where petition alleged slander uttered on March 13th, held no error in Court's charge to jury to find for defendant unless they found that said slander was uttered during the month of March.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages for slander brought in the Common Pleas of Summit County, wherein Gusta Skinner was plaintiff and Bernice Charcoski was defendant. The petition alleged that on the 13th day of March, 1923, Charcoski said of Skinner that she poisoned her husband and was a whore. Charcoski, on the stand, simply denied that she made any such statement on March 13th; she did not deny that she made such statement on other days.

The witness who testified to the utterance of the slander testified that she could not give the exact day of the utterance and once said she could not even tell the month, but three times on direct examination she testified that it was during the month of March and on cross-examnation she said Charcoski had uttered the charge frequently for several years before March 13th and during the month of March and even after suit was brought. A verdict was rendered for Skinner for $400, which the trial judge reduced to $200, the court finding expressly that the verdict was not the resu't of passion or prejudice. Charcoski prosecuted error, contending there was no evidence that the slander was uttered on the day charged, or at least that the finiding of the jury that the slander was uttered at that time was manifestly against the weight of the evidence. Held:

The court specifically charged the jury that they should return a verdict for defendant unless they found that the slander was uttered by defendant during the month of March. This was not error. The jury was fully warranted in finding that the slander was uttered during the month of March. This Court will not disturb the judgment on the ground that the verdict was the result of passion and prejudice,

since the trial court specifically found that this was not so. Judgment affirmed.

Attorneys—Nelan & Walsh and Hole, Jerefiah & Jewitt, for Charcoski; Paul G. Russell, for Skinner.